# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| LEIGH SMALL and AMY SMALL,<br>    *Appellants-Debtors,*<br><br>v.<br><br>NEIGHBORHOOD HOUSING SERVICES<br>OF NEW HAVEN, INC.,<br>    *Appellee-Creditor*. | No. 3:17-cv-01744 (JAM) |

## ORDER AFFIRMING DECISION OF BANKRUPTCY COURT

Appellants-debtors Leigh and Amy Small ("the Smalls") have appealed from an order of the United States Bankruptcy Court that granted a motion for extension of time by appellee Neighborhood Housing Services of New Haven, Inc. ("Neighborhood Housing") to file an objection to discharge pursuant to 11 U.S.C. § 727 and to dischargeability pursuant to 11 U.S.C. § 523(a), and that further denied a motion by the Smalls to quash subpoenas served on them under Fed. R. Bankr. P. 2004. *See* Doc. #124 to *In re Small*, No. 16-31683 (Bankr. D. Conn. 2017) (Nevins, J.). For the reasons stated below, I will affirm the judgment of the Bankruptcy Court.

### BACKGROUND

The issues in this bankruptcy appeal trace back to a construction contracting deal that went bad. Neighborhood Housing is a quasi-public agency with a mission to rehabilitate houses for residence by low-income individuals. According to Neighborhood Housing, it hired a company known as ACT to be its general contractor for a project in New Haven. But ACT abruptly left the job, leaving Neighborhood Housing to pay off subcontractors and hire a new contractor to finish the job at great expense. This incident led to a state court lawsuit and a state

court judgment for Neighborhood Housing against ACT in the amount of $300,498.20. App. 200-01.

ACT was allegedly 49% owned by Crystal Property Restoration, LLC, and 51% by Yul Watley. Debtor Leigh Small in turn is a 50% member of Crystal. Doc. #17 at 22. Neighborhood Housing claims that debtor Leigh Small was *de facto* in charge of ACT's operations notwithstanding his nominally indirect ownership control.

On October 31, 2016, the Smalls filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. On one of their schedules for identifying creditors with unsecured claims, they listed Neighborhood Housing as a general unsecured creditor with a contingent, unliquidated, and disputed claim of $300,498 stemming from the lawsuit against ACT. App. 1.

On December 2, 2016, there was a meeting of the Smalls' creditors pursuant to 11 U.S.C. § 341. Neighborhood Housing did not attend this meeting. On January 31, 2017, Neighborhood Housing filed a motion for extension of time until May 1, 2017, to file a nondischargeability complaint under 11 U.S.C. § 523 and an objection to discharge under 11 U.S.C. § 727. The Smalls objected to this filing on grounds that Neighborhood Housing lacked standing to file a nondischargeability complaint or an objection to discharge.

On March 15, 2017, Neighborhood Housing filed a motion pursuant to Fed. R. Bankr. P. 2004 to authorize the examination of Leigh Small, as well as of Yul Watley (the alleged majority owner of ACT) and Bruce Small (who was allegedly the bookkeeper for ACT). About three weeks later, on April 11, 2017, Neighborhood Housing sought a further extension of time to file a nondischargeability complaint or objection to discharge, as well as to file a proof of claim by June 30, 2017. The Smalls objected, and they also moved to quash the motions for Rule 2004 examinations.

Yet another round of extension requests by Neighborhood Housing followed, along with similar objections from the Smalls, and the Bankruptcy Court held a hearing on pending motions on July 26, 2017. By order and oral ruling dated September 29, 2017, the Bankruptcy Court concluded in relevant part that Neighborhood Housing "has standing as a party in interest and creditor to seek extension of the deadline to file a complaint objecting to discharge or dischargeability," that "Neighborhood Housing has sufficiently shown cause permitting an extension of the deadlines to object to discharge and/or discharageability," and that "Neighborhood Housing is entitled to conduct the Rule 2004 examinations of Leigh Small, Yul Watley, Bruce Small, Webster Bank and TD Bank." App. 171. This appeal followed.

*Standing*

The Smalls first argue that Neighborhood Housing lacked standing to participate at all in the bankruptcy proceeding. I don't agree for substantially the reasons well-stated by Judge Nevins in her oral ruling:

> Regarding Neighborhood Housing's standing, the court starts with an acknowledgement that the definition of claim, creditor and party in interest, while not limitless, [is] exceedingly broad.
>
> In the context of a Chapter 7 case, the term party in interest includes creditors who hold a claim. Here Neighborhood Housing asserts that it has a potential claim against Mr. Small for a debt owed by ACT to Neighborhood Housing based upon a possible fraudulent scheme perpetrated by Mr. Small in controlling and operating ACT. Those are the allegations.
>
> The court notes that to recover from the individual members of the limited liability company, the judgment creditor here, Neighborhood Housing, would need to succeed on an action to pierce the corporate veil.
>
> In this case, that would not be the end of the discussion because Neighborhood Housing wants to reach further and collect from the individual members of a members of a limited liability company [Crystal].
>
> The merits of such a cause of action, or whether sufficient evidence exists to support a claim to twice pierce a corporate veil, or veils, or provide a – or prove – a fraudulent

3

> scheme is not the issue before the court today. Rather, the issue is whether Neighborhood Housing is an entity with a claim.
>
> In light of the Supreme Court's repeated reiteration that the term claim should be broadly interpreted, if Neighborhood Housing is correct and the facts are established as it has articulated, the court must conclude that Neighborhood Housing has, at a minimum, an albeit remote and likely contingent and disputed claim for fraud.
>
> If the court were to hold otherwise and preclude Neighborhood Housing from investigating its potential claim, should Neighborhood Housing later … discover facts that support its theory, the bankruptcy discharge for the debtors would bar Neighborhood Housing from ever asserting those claims.
>
> Accordingly, the court finds that Neighborhood Housing has sufficient stake in the outcome of this proceeding and has at a minimum asserted a cognizable claim to afford it both creditor and party in interest status in this case.

App. 187-89.

The bankruptcy rules permit any "party in interest" to file motions for extension of time and to seek discovery. *See* Fed. R. Bankr. P. 2004(a), 4004(b). While the term "party in interest" is nowhere defined in the Bankruptcy Code, *see In re Teligent, Inc.*, 640 F.3d 53, 60 (2d Cir. 2011), the term undoubtedly includes a creditor of the debtor. *See, e.g.*, *In re Comcoach Corp.*, 698 F.2d 571, 573 (2d Cir. 1983) (creditor is a subset of party in interest); *see also* 11 U.S.C. § 1109(b) (same).[1]

The term "creditor" is broadly defined in turn to include any "entity that has a claim against the debtor that arose at the time of or before the order for relief." 11 U.S.C. § 101(10)(A). And the term "claim" is defined in relevant part to include a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C. § 101(5)(A).

---

[1] Section 1109 does not itself apply outside of the Chapter 11 context, but can be a useful guide to the meaning of "party in interest" in other contexts throughout the Code.

It is apparent to me that Neighborhood Housing had a claim (albeit a disputed one) against at least Leigh Small. Why else would the Smalls themselves list Neighborhood Housing on their own bankruptcy schedule as a creditor holding a contingent, unliquidated, and disputed claim? That statement by the Smalls themselves is powerful evidence that Neighborhood Housing has standing, especially considering that the only reason for the Smalls to have listed Neighborhood Housing in their papers was in hopes of foreclosing Neighborhood Housing from pursuing a remedy against one or both them as a creditor outside of the bankruptcy process.

Although the Smalls attempt to characterize Neighborhood Housing solely as a creditor of ACT (a company in which Leigh Small allegedly holds an indirect interest through his partial ownership of Crystal, one of ACT's major shareholders), this is not accurate because Neighborhood Housing claims to have at least a potential cause of action against Leigh Small himself. Thus, cases cited by the Smalls are not on point, as each dealt with parties who only had a claim (or potential claim) against a creditor rather than against the debtor (*Southern Blvd., Inc. v. Martin Paint Stores*, 207 B.R. 57, 61 (S.D.N.Y. 1997)), or who were a debtor of the debtor's debtor (*In re Teligent*, 640 F.3d at 61). Here, Neighborhood Housing seeks to proceed directly against Leigh Smalls himself.

The Smalls suggest that Neighborhood Housing does not have standing because it failed to file a timely proof of claim, as required by Fed. R. Bankr. P. 3003(c)(2). But a creditor need not file a proof of claim to retain its standing in the case. *See* Alan Resnick & Henry J. Sommer, Collier on Bankruptcy ¶ 1109.02[2] (16th ed. 2011) (stating that "[i]n general, an entity need not file a proof of claim to be or remain, a 'creditor' or 'party in interest'"). Indeed, Rule 3003 itself states that a creditor who fails to file a proof of claim "shall not be treated as a creditor *with respect to such claim for the purposes of voting and distribution*," Fed. R. Bankr. P. 3003(c)(2),

5

strongly implying that such creditors do *not* lose their standing as creditors for any other purpose. *See* Collier on Bankruptcy, *supra*, ¶ 1109.02[2] (discussing this issue).

The Smalls further argue that Neighborhood Housing has no viable grounds to object to discharge under 11 U.S.C. § 523(a)(4), which provides in relevant part for the non-dischargeability of debts stemming from "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." According to the Smalls, because Leigh Small was not an officer, director, member, or manager of ACT, he had no fiduciary capacity. I need not address this argument, because Neighborhood Housing argues in the alternative that the debt is non-dischargeable under 11 U.S.C. § 523(a)(2)(A), which includes debts stemming from "false pretenses, a false representation, or actual fraud." *See also Husky Int'l Elecs., Inc. v. Ritz*, 136 S. Ct. 1581, 1586 (2016) (holding that "[t]he term 'actual fraud' in § 523(a)(2)(A) encompasses forms of fraud, like fraudulent conveyance schemes, that can be effected without a false representation").

As Judge Nevins noted, "Neighborhood Housing asserts that it has a potential claim against Mr. Small for a debt owed by ACT to Neighborhood Housing based upon a possible fraudulent scheme perpetrated by Mr. Small in controlling and operating ACT," and that there may be grounds for Neighborhood Housing to pierce the corporate veils of ACT and Crystal in a manner that would allow for recovery against Leigh Small. App. 188. All in all, I cannot conclude at this juncture that Neighborhood Housing's theory of non-dischargeability under 11 U.S.C. § 523(a) is necessarily frivolous, and this tells me that it remains a *merits* question—not a *standing* question—whether Neighborhood Housing has grounds to show that the debt is not dischargeable.

Ultimately, as Judge Nevins recognized, Neighborhood Housing has a claim against Leigh Small, as that term is very broadly defined by the Code—to be sure, it is a heavily disputed claim, but a claim nonetheless. What's more, the Smalls seek to have this very same claim discharged through the bankruptcy process. They should hardly be heard to claim that Neighborhood Housing, whose potential legal claim they seek to extinguish, has no standing to participate in the process that would lead to that extinction.

The conclusion that Neighborhood Housing qualifies as a creditor also disposes of the Smalls' remaining arguments about constitutional and prudential standing. If Leigh Small indeed engaged in fraud as Neighborhood Housing suggests, this would undoubtedly qualify as an injury-in-fact traceable to Leigh Small's conduct and that would be redressed by a favorable decision of non-dischargeability. That's enough for constitutional standing. *See, e.g.*, *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). And if Neighborhood Housing's own creditor rights will be protected by an order of non-dischargeability, then that puts Neighborhood Housing well within the statutory zone of Bankruptcy Code interests for purposes of prudential standing. *See, e.g.*, *Elk Grove Unified School Dist. v. Newdow*, 542 U.S. 1, 12 (2004); *see also Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1387-88 (2014) (expressing doubt about application of prudential standing doctrine in place of primary determination of whether statute allows for cause of action). Judge Nevins correctly concluded that Neighborhood Housing has standing.

### *Motions for extension of time*

Appellants next challenge the Bankruptcy Court's decision to grant Neighborhood Housing's motions for extension of time. The grant of an extension of time is reviewed for abuse of discretion. *See In re Enron Corp.*, 419 F.3d 115, 124 (2d Cir. 2005). "Matters concerning

decisions within the discretion of bankruptcy judges will not be disturbed by the district court unless the district court finds that no reasonable [person] could agree with the bankruptcy judge's decision." *Ibid.* (quoting *In re Integrated Res., Inc.*, 157 B.R. 66, 72 (S.D.N.Y. 1993)).

The Bankruptcy Court recited and considered all of the factors that bankruptcy courts should consider when determining whether good cause exists to grant an extension of time to object to the dischargeability of a debt. *See* App. 189-92 (citing *In re Kramer*, 492 B.R. 366, 371 (Bankr. E.D.N.Y. 2013) (reciting factors)). As to the diligence requirement, Judge Nevins acknowledged some delay on Neighborhood Housing's part but noted extenuating circumstances in terms of predicate discovery Neighborhood Housing sought relating to the state court action against ACT and relating to Rule 2004 examinations of Leigh Small and others involved with the operations of ACT. App. 191. It was well within the Bankruptcy Court's discretion to conclude that there was sufficient cause for an extension of time.

### *Motions to quash*

Lastly, I conclude that the Bankruptcy Court did not abuse its discretion in denying the motions to quash the Rule 2004 examinations. *See In re DG Acquisition Corp.*, 151 F.3d 75, 79 (2d Cir. 1998) (noting bankruptcy court's broad discretion with respect to matters of pre-trial discovery). Apart from the Smalls' arguments that Neighborhood Housing did not have standing, the Smalls argue that Neighborhood Housing should have used state court procedures to investigate ACT prior to the commencement of the bankruptcy case. But, as the Bankruptcy Court noted, Neighborhood Housing tried to pursue state court discovery but received no response. App. 194. This was sufficient grounds for the Bankruptcy Court to reasonably conclude that discovery may proceed under Rule 2004 by means of the bankruptcy court process.

8

For the foregoing reasons, the order of the Bankruptcy Court is AFFIRMED. The Clerk of Court shall close this case.

Dated at New Haven this 5th day of July 2018.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge